UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BRIAN TERWILLEGER,

    Plaintiff,

v.

GRAYS HARBOR COUNTY,

    Defendant.

CASE NO. 3:19-cv-5215 RBL-JRC

ORDER CONSOLIDATING CASES AND DENYING MOTION TO AMEND AND REMAND

The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and local Magistrate Judge Rules MJR1, MJR3, and MJR4. *See* Dkt. 9.[1] This matter is before the Court on defendant's motion to consolidate (Dkt. 13) and plaintiff's motion to amend his complaint to remove federal claims and to remand the matter to state court (Dkt. 10). Because plaintiff's four cases pending before the Court and against defendant Grays Harbor County present common

---

[1] Unless otherwise stated, references to "Dkt." are to documents filed in 3:19-cv-5215-RBL-JRC.

ORDER CONSOLIDATING CASES AND
DENYING MOTION TO AMEND AND
REMAND - 1

questions of law and fact and because consolidation would avoid duplication of effort, the Court grants the request to consolidate and orders that plaintiff file a consolidated amended complaint. Because plaintiff must file a consolidated amended complaint, the Court denies his motion to amend and remand this matter as moot.

**BACKGROUND**

Plaintiff filed this action in state court. *See* Dkt. 1-1. He alleged that defendant's failure to provide him with any form of outdoor exercise for more than nine weeks during his incarceration that began in September 2016 constituted cruel and unusual punishment and negligence and violated due process and the Washington State Constitution's cruel punishment clause. *See* Dkt. 1-1. After defendant removed the matter to federal court, plaintiff requested that he be allowed to amend his complaint to remove all federal claims and that this Court remand the matter to state court. *See* Dkt. 10.

Plaintiff also filed three other actions in state court regarding the conditions of his confinement in Grays Harbor County Jail: a complaint alleging that defendant committed contempt of court by failing to timely provide a competency evaluation (*see* Dkt. 1-1, 3:19-cv-05216-RBL-JRC), a complaint alleging that defendant allowed plaintiff to be burned by scalding hot shower water in November 2016, constituting negligence, cruel and unusual punishment, and violations of due process and the state cruel punishment clause (*see* Dkt. 1-1, 3:19-cv-05218-RBL-JRC), and a complaint alleging that defendant failed to provide access to a shower with handrails during plaintiff's confinement, violating the Americans with Disabilities Act ("ADA"), due process, and the state cruel punishment clause and constituting negligence and cruel and

unusual punishment.  *See* Dkt. 1-1, 3:19-cv-05219-RBL-JRC.  Defendants removed each case to federal court and now request that the Court consolidate the cases.  *See* Dkt. 13.

## DISCUSSION

"If actions before the court involve a common question of law or fact, the court may . . . consolidate the actions[.]"  Fed. R. Civ. P. 42(a)(2).  Under Rule 42, the Court has broad discretion regarding whether to consolidate cases.  *Pierce v. Cty. of Orange*, 526 F.3d 1190, 1203 (9th Cir. 2008).  The Court must "weigh[] the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause."  *Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984).

Here, each of plaintiff's cases involves identical parties and events that occurred during the same period of incarceration.  Most of these cases also involve the same substantive legal issues—whether certain allegations amount to negligence, cruel and unusual punishment, due process violations, and cruel punishment under the Washington State Constitution.  In addition to these common legal and factual questions presented, consolidation of these matters would avoid duplicating time and effort across four cases.  Consolidation will also ensure speedy and consistent resolution of these matters.

Plaintiff opposes consolidation on the basis that consolidation is premature and that the cases involve different legal issues.  *See* Dkt. 18, at 1.  Regarding timeliness, consolidation at this early stage is not "premature" but is preferable to consolidating at a later stage, as it will serve to avoid duplicative motions practice and discovery.  Regarding the legal issues, although plaintiff correctly points out that two of his cases involve unique claims—failure to timely provide a competency evaluation and failure to provide a reasonable accommodation under the

ADA—Rule 42 requires simply "a common question of law or fact" and not that common legal and factual questions predominate. *See* 8 MOORE'S FEDERAL PRACTICE § 42.10(2)(a), *quoted in Nelson v. Paulson*, CO8-1034-JCC, 2008 WL 11347440, at *1 (W.D. Wash.. Sept. 25, 2008).

Therefore, the Court orders that these cases be consolidated and that plaintiff file a consolidated amended complaint. Because plaintiff must file a consolidated amended complaint, his motion to amend his complaint in this matter and to remand the matter to state court is denied as moot. Plaintiff's consolidated amended complaint will act as a complete replacement for the original complaints and should contain any claims from these four consolidated cases that plaintiff wishes to bring in federal court. The Court also denies without prejudice all remaining pending motions in Cause Nos. 19-cv-5216-RBL-JRC, 19-cv-5218-RBL-JRC, and 19-cv-5219-RBL-JRC. The parties may, if necessary, refile their motions after plaintiff has filed his consolidated amended complaint, containing all of his claims.

## CONCLUSION

For the reasons discussed above, it is hereby **ORDERED**—

(1) Defendant's motion to consolidate (Dkt. 13) is **GRANTED**;

(2) This action, Case No. 19-cv-5215-RBL-JRC, shall remain the lead case and is hereby consolidated with Case Nos. 19-cv-5216-RBL-JRC, 19-cv-5218-RBL-JRC, and 19-cv-5219-RBL-JRC. All future filings shall bear Case No. 19-cv-5215;

(3) Plaintiff is **ORDERED** to file a consolidated amended complaint that sets forth all claims in this consolidated action on or before **June 14, 2019**. The amended complaint will serve as a complete substitute for all previous complaints in the various consolidated actions. The amended complaint shall be the operative complaint in this consolidated action;

(4) Plaintiff's motion to amend and remand (Dkt. 10) is **DENIED** without prejudice; and

(5) All pending motions in the three cases to be consolidated with this action (Cause Nos. 19-cv-5216-RBL-JRC, 19-cv-5218-RBL-JRC, and 19-cv-5219-RBL-JRC) are **DENIED** without prejudice.

Dated this 14th day of May, 2019.

J. Richard Creatura
United States Magistrate Judge

ORDER CONSOLIDATING CASES AND
DENYING MOTION TO AMEND AND
REMAND - 5