UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BRIAN TERWILLEGER,<br><br>    Plaintiff,<br><br>v.<br><br>GRAYS HARBOR COUNTY,<br><br>    Defendant. | CASE NO. 3:19-CV-05215-RBL-JRC<br><br>REPORT AND RECOMMENDATION<br><br>**NOTED FOR**: AUGUST 30, 2019 |

The District Court has referred this 42 U.S.C. § 1983 civil rights action to the undersigned Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) and Local Magistrate Judge Rules MJR 1, MJR 3, and MJR 4. *See* Dkt. 9. This matter is before the Court on defendant's motion to dismiss for failure to prosecute and to follow a court order. Dkt. 21. The undersigned recommends that this action be dismissed with prejudice because plaintiff has failed to comply with a court order and to prosecute this action.

**BACKGROUND**

Plaintiff filed this action in state court. *See* Dkt. 1-1. He alleged that defendant's failure to provide him with any form of outdoor exercise for more than nine weeks during his incarceration that began in September 2016 constituted cruel and unusual punishment and negligence and violated due process and the Washington State Constitution's cruel punishment clause. *See* Dkt. 1-1. After defendant removed the matter to federal court, plaintiff requested that he be allowed to

REPORT AND RECOMMENDATION - 1

1  amend his complaint to remove all federal claims and that this Court remand the matter to state
2  court. *See* Dkt. 10.
3       Plaintiff also filed three other actions in state court regarding the conditions of his
4  confinement in Grays Harbor County Jail: a complaint alleging that defendant committed
5  contempt of court by failing to timely provide a competency evaluation (*see* Dkt. 1-1, 3:19-cv-
6  05216-RBL-JRC), a complaint alleging that defendant allowed plaintiff to be burned by scalding
7  hot shower water in November 2016, constituting negligence, cruel and unusual punishment, and
8  violations of due process and the state cruel punishment clause (*see* Dkt. 1-1, 3:19-cv-05218-
9  RBL-JRC), and a complaint alleging that defendant failed to provide access to a shower with
10 handrails during plaintiff's confinement, violating the Americans with Disabilities Act ("ADA"),
11 due process, and the state cruel punishment clause and constituting negligence and cruel and
12 unusual punishment. *See* Dkt. 1-1, 3:19-cv-05219-RBL-JRC. Defendant removed each case to
13 federal court and requested that the Court consolidate the cases. *See* Dkt. 13.
14      On May 14, 2019, the Court granted defendant's motion to consolidate, consolidated the
15 cases under cause number 3:19-cv-5215-RBL-JRC, and ordered plaintiff to file an amended
16 complaint that set forth all claims in this consolidated action on or before June 14, 2019. *See* Dkt.
17 20. The Court also denied the motion to remand as moot. *See* Dkt. 20, at 4. Plaintiff did not file a
18 consolidated amended complaint or otherwise take action in this matter. *See* Dkt.
19      On June 27, 2019, defendant filed a motion to dismiss for failure to prosecute and to
20 follow a court order, arguing that Federal Rule of Civil Procedure 41(b) warrants dismissal of
21 plaintiff's claims with prejudice. Dkt. 21. Plaintiff did not file a response. *See* Dkt. Citing Local
22 Civil Rule ("LCR") 7(b)(2), defendant filed a reply in support of the motion to dismiss on July
23 19, 2019. Dkt. 22.
24

|   |   |
|---|---|
| 1 | **DISCUSSION** |
| 2 | Defendant requests dismissal with prejudice on the basis that plaintiff failed to file a |
| 3 | consolidated amended complaint in the consolidated action by June 14, 2019, thereby failing to |
| 4 | prosecute his case and violating this Court's order. *See* Dkt. 21, at 1–2. |
| 5 | Federal Rule of Civil Procedure 41(b) provides for involuntary dismissal if a plaintiff |
| 6 | fails to prosecute or to comply with a court order. The dismissal counts as an adjudication on the |
| 7 | merits unless the Court provides otherwise. Under LCR 7, a plaintiff's failure to respond to a |
| 8 | motion to dismiss "may be considered by the court as an admission that the motion has merit." |
| 9 | LCR 7(b)(2). Even in *pro se* cases, the Western District of Washington has taken a failure to |
| 10 | respond to a motion as admission of its merit. *See Follis v. Pierce Cty. Sheriff Baker*, No. 3:17- |
| 11 | CV-05644-RBL-JRC, 2017 WL 7688991, at *2 (W.D. Wash. Dec. 27, 2017), *report and* |
| 12 | *recommendation adopted*, No. 3:17-CV-05644-RBL-JRC, 2018 WL 1138421 (Mar. 2, 2018). |
| 13 | Here, the Court ordered plaintiff to file a consolidated amended complaint. *See* Dkt. 13. |
| 14 | Yet, to date, plaintiff has failed to file a consolidated amended complaint or to otherwise take |
| 15 | action in this matter. The Court takes plaintiff's failure to respond as an admission that |
| 16 | defendant's motion has merit. Therefore, this Court recommends the matter be **DISMISSED** |
| 17 | **WITH PREJUDICE** for failure to comply with a court order. |
| 18 | Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), plaintiff shall have fourteen |
| 19 | (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure |
| 20 | to file objections will result in a waiver of those objections for purposes of de novo review by the |
| 21 | district judge. *See* 28 U.S.C. § 636(b)(1)(C). |
| 22 | /// |
| 23 | /// |
| 24 |   |

1 | Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to
2 | set the matter for consideration on August 30, 2019 as noted in the caption.
3 | Copies of this report and recommendation should be sent to plaintiff's address of record.
4 | Dated this 13th day of August, 2019.

J. Richard Creatura
United States Magistrate Judge